JOHNSON, Judge.
This is an appeal from a final summary judgment in favor of appellees, who were the defendants below. The primary issue for our consideration is whether there were genuine issues of material fact so as to preclude the entrance of a summary judgment and to warrant submitting the case to the jury.
The material facts stipulated to by the parties were as herein set out. On November 16, 1967, a boxcar owned by Southern Pacific Co. was placed for loading at the plant of S.O.S. Division of General Foods, Inc. in Illinois by the Belt Railway Co. of Chicago. General Foods accepted, inspected and loaded the boxcar with over 1500 cases of LaFrance bluing and other parcels, sealed the car and then delivered it to the Belt Railway Co. for rail movement to the consignee, General Foods, in Jacksonville, Florida, via appellee Norfolk and Western Railway to Petersburg, Virginia, and appellee Seaboard Coast Line Railroad Co. from Petersburg to its ultimate destination in Jacksonville. As noted above, when both appellees received the boxcar for transport, it was sealed and steel bands were placed inside across the doors. Both appellees made external inspections of the boxcar and no defects were visible. In fact, appellant admitted and expressly stipulated before the trial court that an external inspection would not have disclosed the defect.
*539 Upon the arrival of the boxcar in Jacksonville, appellant was assigned by his employer, General Foods, to unload it. Appellant broke the seal on the car, pushed the doors open and began to unload the contents. He noticed that some of the cardboard cases containing the bluing had been ripped open so that the blue powdered bleach therein was exposed to the air. After removing several of the cases, appellant noticed some nails protruding from the sidewalls and doors of the boxcar and that some of the cardboard cases containing the bleach were in contact with such nails. Thereafter, appellant became quite ill from breathing the air in the boxcar which had become diffused with the irritants contained in the bluing.
Appellant instituted the present complaint against appellee Seaboard and later amended his complaint so as to include ap-pellee Norfolk and Southern Pacific Co. as parties defendants. It was alleged in the complaint that each of the party defendants “either knew or should have known in the exercise of reasonable care that the walls and doors of the said railroad boxcar had nails protruding therefrom” and that each or all of said defendants “did carelessly and negligently furnish the aforesaid boxcar in its defective condition as alleged, for the purpose of being loaded” with the cardboard cases of bluing. After various questions of jurisdiction were raised and disposed of, the appellees moved for a summary judgment in their favor. The trial court awarded final summary judgment in favor of the appellees and found that the defect complained of was contained wholly within the interior of the boxcar; that appellee Norfolk was the connecting carrier and appellee Seaboard was the delivering carrier and both conducted reasonable inspections of the exterior of the sealed car which revealed no visible defects; that appellees owed no duty to break the seal or to make any types of repair; and that appellees were not negligent for any unreasonable inspection. The defendant Southern Pacific Co. is not a party to this appeal.
The appellant contends in this appeal that the question of whether or not a railroad uses reasonable and ordinary care in furnishing to a consignee a boxcar free from a dangerous or defective condition for the purposes of unloading is a question to be decided by a jury. For several reasons, we do not believe that such a contention finds support in the facts of this case.
In the first place, appellees Seaboard and Norfolk did not furnish the boxcar to General Foods. It was undisputed that the boxcar was neither owned nor furnished to General Foods by either of the appellees. The car was owned by Southern Pacific and was delivered to General Foods for loading purposes by Belt Railway. Appellees owed no duty to break the seals placed on the boxcar by General Foods, force the car door open, and remove enough of the contents of the car to ascertain if there were defects on the inside of the car. As pointed out by appellee Norfolk, if such action were required on the part of each railroad company when it received a boxcar for transportation purposes, there could never be efficient and prompt railroad transportation and service throughout the Nation. When a reasonable external inspection showed no defect, and appellant herein admits that the defect could not be ascertained from an external examination, appellees had no duty to break the seals and make an internal inspection. The cases cited by appellant are factually distinguishable in that they involve situations where either an internal inspection of the car was actually undertaken prior to the beginning of the unloading operations by the consignee, or where the defect in the boxcar was apparent from an external inspection.
Secondly, summary judgments are appropriate where there exists no genuine issue of any material fact. Such is the situation herein as revealed by the above-cited statement of the facts.
It is our opinion that the trial judge properly applied the controlling, applicable *540 law to the undisputed facts herein and correctly entered summary judgment in favor of appellees. Accordingly, said judgment is hereby affirmed.
SPECTOR, C. J., and WIGGINTON, J., concur.